UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. OLIVAS, | ) | No. ED CV 05-01141-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | (Social Security Case) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified Administrative Record ("AR"). After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff asserts that the Administrative Law Judge ("ALJ") did

1  not fairly and accurately evaluate the medical evidence. In

2  particular, Plaintiff asserts that the ALJ erred at Step Two of the

3  sequential evaluation process in finding that Plaintiff does not have

4  a severe impairment. (See AR at 21, Finding 2.)

5     To support his contentions, Plaintiff asserts that the ALJ

6  incorrectly rejected the opinion of a consulting physician, Dr. Sedgh,

7  who on March 26, 2003, performed an internal medicine consultative

8  examination ("CE"). (AR 150-154.)  In particular, Dr. Sedgh rendered

9  a "functional assessment" that Plaintiff can occasionally lift and/or

10 carry 50 pounds, and frequently lift and/or carry 25 pounds.  This

11 equates to an ability to do medium level exertional work.

12    Plaintiff also faults the ALJ for ignoring the opinion of a State

13 Agency doctor who concluded that Plaintiff has the same exertional

14 abilities. (See AR at 165-171, esp. 166.)

15    As Plaintiff correctly notes, determination of the existence of

16 a severe impairment is a threshold finding.  See Bowen v. Yuckert, 482

17 U.S. 137, 107 S.Ct. 2287, 2293-97 (1987).  According to the

18 regulations, a severe impairment is one which significantly limits an

19 individual's physical or mental ability to do basic work activities,

20 which includes exertional activities. (See 20 C.F.R. §416.921.)

21    In the Joint Stipulation ("JS"), Plaintiff asserts that, "The

22 limitation of [Plaintiff] to medium work is the dispositive factor."

23 (JS at 8.)  In fact, that misstates the applicable law.  Even if Dr.

24 Sedgh were Plaintiff's treating physician, his opinion would not

25 necessarily be conclusive as to either a physical condition or on the

26 ultimate issue of disability.  See Rodriquez v. Bowen, 876 F.2d 759,

27 761-62; * n.7 (9th Cir. 1989).  The ALJ need not accept a physician's

28 opinion which is brief and conclusory and unsupported by clinical

1  findings.   See Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986).

2      As the ALJ correctly noted with regard to Dr. Sedgh's
3  examination, in all aspects Plaintiff was found to be normal. (See AR
4  at 20, 154.)  There appears to be absolutely nothing which occurred
5  during the physical examination which clinically supports the
6  exertional limitations assessed by Dr. Sedgh.   Moreover, a
7  determination of exertional abilities is part of the Commissioner's
8  responsibility to assess a claimant's residual functional capacity
9  ("RFC").  Determination of an individual's RFC is an administrative
10 function performed by the ALJ. (See, generally, SSR 96-8p, July 2,
11 1996.)  As defined in that regulation, "ordinarily, RFC is an
12 assessment of an individual's ability to do sustained work-related
13 physical and mental activities in a work setting on a regular and
14 continuing basis."   The adjudicator must assess RFC considering
15 functional limitations and restrictions resulting from medically
16 determinable impairments or combinations of impairments. (Id.)

17     The adjudicator must consider all relevant evidence in the
18 record, which includes medical signs and laboratory findings, the
19 effects of treatment, including limitations or restrictions imposed by
20 the mechanics of treatment, reports of daily activities, lay evidence,
21 recorded observations, medical source statements, effective symptoms,
22 including pain, evidence from attempts to work, need for a structured
23 living environment, and work evaluations if available. (Id.)

24     In sum, it is clear that an adjudicator's determination of RFC is
25 not a mechanical process, but one that involves a weighing, balancing,
26 and evaluation of all relevant evidence in the record.

27     The ALJ was not required to accept the exertional limitations
28 suggested by the State Agency physician for the same reasons that

3

apply to the assessment of Dr. Sedgh.  The Court also notes that the State Agency physician wrote that, "Claimant's statement about his condition and how it affects his ability to perform work activity is not supported by the evidence..." (AR 171.)

The medical expert ("ME") testified that, based on her review of the records, Plaintiff's condition does not more than minimally affect his ability to function.  In rendering this conclusion, the ME cited Dr. Sedgh's examination. (AR at 320.)  The case does not turn on whether the ALJ accepted the ME's opinion in lieu of that of Dr. Sedgh or the State Agency physician.  The ME corroborated the fact that the examination by Dr. Sedgh was normal in all respects, as Dr. Sedgh himself conceded.  On that basis, the ALJ discharged his required function of evaluating the objective evidence in order to determine whether or not a severe impairment existed.  It is Plaintiff's burden at the second step of the sequential evaluation process to prove that any impairments are severe.  Plaintiff failed to do that, and despite the fact that the existence of a severe impairment is rarely disputed, in this case substantial evidence supports the ALJ's conclusion that Plaintiff does not have a severe impairment.  For that reason, the Decision will be affirmed, and the matter will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED:  November 28, 2006


                                      /s/
                        VICTOR B. KENTON
                        UNITED STATES MAGISTRATE JUDGE